J-A08040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT SHABAZZ-DAVIS | : | |
| | : | No. 2525 EDA 2015 |
| Appellant | | |

Appeal from the Judgment of Sentence March 13, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007330-2013

BEFORE: PANELLA, LAZARUS, JJ., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY STEVENS, P.J.E.: **FILED JANUARY 29, 2018**

In view of the Supreme Court of Pennsylvania's October 12, 2017, Order which granted the Petition for Allowance of Appeal of Robert Shabazz-Davis ("Appellant"), vacated this Court's disposition of this matter and remanded for reconsideration in light of its decision in ***Commonwealth v. Batts***, 163 A.3d 410 (Pa. June 26, 2017), we conclude that the reasons the trial court provided prior to imposing the judgment of sentence of life imprisonment without the possibility of parole upon Appellant were insufficient to show that it "reach[ed] a conclusion, supported by competent evidence, that [Appellant] will forever

_____

[*] Former Justice specially assigned to the Superior Court.

be incorrigible, without any hope for rehabilitation." *Id*. at 435.[1] Therefore, Appellant's sentence is illegal, and, accordingly, we remand this matter to the trial court for resentencing in light of **Batts**.

Case remanded for resentencing. Superior Court jurisdiction relinquished.

---

[1] Specifically, the Court held the following:

> For sentencing purposes, there is a presumption against the imposition of a sentence of life without parole for a defendant convicted of first-degree murder committed as a juvenile. The Commonwealth must give reasonable notice of its intention to seek a sentence of life without the possibility of parole. To rebut the presumption, the Commonwealth has the burden to prove, beyond a reasonable doubt, that the juvenile offender is permanently incorrigible and thus is unable to be rehabilitated. Consistent with the mandate of **Miller** and **Montgomery**, for a life-without-parole sentence to be constitutionally valid, the sentencing court must find that the juvenile offender is permanently incorrigible and that rehabilitation would be impossible. The Commonwealth's evidence and the sentencing court's decision must take into account the factors announced in and section 1102.1(d) of the Crimes Code. Even if the Commonwealth satisfies its burden of proof, the sentencing court is not required to impose a life-without-parole sentence upon a juvenile offender.
>
> In sentencing a juvenile offender to life with the possibility of parole, traditional sentencing considerations apply. *See* 42 Pa.C.S. § 9721(b). The sentencing court should fashion the minimum term of incarceration using, as guidance, section 1102.1(a) of the Crimes Code.

**Batts**, ___ Pa. at ___, 163 A.3d at 459–60.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/29/18